AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| United States of America | ) |
|---|---|
| v. | ) |
| Erlend Olson | ) Case No. 25-MJ-468 SCY |
| *Defendant* | ) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

❏ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☑ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

❏ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

❏ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
   ❏ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
   ❏ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
   ❏ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
   ❏ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
   ❏ **(e)** any felony that is not otherwise a crime of violence but involves:
      **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
      **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
❏ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
❏ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
❏ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

Def. Olson's Emerg. Mot. for Rev.
Exhibit B
Page 1

Page 1 of 4

❏ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

❏ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

❏ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

❏ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

❏ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

❏ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❏ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

❏ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

❏ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

**Part III - Analysis and Statement of the Reasons for Detention**

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

❏ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
☑ Subject to lengthy period of incarceration if convicted
☑ Prior criminal history
❏ Participation in criminal activity while on probation, parole, or supervision
❏ History of violence or use of weapons
☑ History of alcohol or substance abuse
❏ Lack of stable employment
❏ Lack of stable residence
❏ Lack of financially responsible sureties

Def. Olson's Emerg. Mot. for Rev.
Exhibit B
Page 2

Page 2 of 4

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

- ☐ Lack of significant community or family ties to this district
- ☒ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents
- ☒ Background information unknown or unverified
- ☒ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

In reaching its decision, the Court considered the current indictment against Mr. Olson, filed March 13, 2025 in the District of Columbia; the Government's Memorandum in Support of Pretrial Detention and its exhibits (Doc. 6); Mr. Olson's Response and Memorandum in Opposition to Detention Motion and its exhibits (Doc. 9); and the pretrial services report and recommendations.  The Court considered 18 U.S.C. Sec. 3142 and relevant case law. Finally, the Court also heard argument from the Government and Mr. Olson's attorney. In addition to the factors above, the government has shown by a preponderance of the evidence that Mr. Olson is a flight risk for the following additional and expounded reasons under 18 U.S.C. Sec. 3142(g):

Nature and circumstances of the offense: Mr. Olson is charged with eleven counts including conspiracy to commit wire and mail fraud (Count 1), aiding and abetting wire fraud (Counts 2-6), aiding and abetting mail fraud (Count 7), and tax evasion (Counts 8-11).  The indictment also includes a forfeiture allegation. Mr. Olson is alleged to have created and engaged in a scheme that defrauded approximately 200 investors and lenders of over $250 million.  If convicted of all counts, Mr. Olson faces a maximum prison sentence of 160 years, and a Sentencing Guideline range of life in prison. These facts all weigh in favor of detention.

Weight of the evidence: The government's recitation of the facts is compelling. The lion's share of evidence, as the defense concedes, is found in what is likely in excess of a million documents. The evidence also includes video and recorded phone calls. Mr. Olson's knowledge of the scheme appears to be significant as the example documents provided by the government suggest he not only forged company financial documents related to his business, but also used similar forged company documents in relation to his personal financial transactions. This factor also weighs in favor of detention.

History and characteristics: Mr. Olson retains dual citizenship with St. Kitts and Nevis. While his passport has expired, the Government has shown that he is keenly aware of how he could travel to St. Kitts and Nevis to obtain a new one. Notably, St. Kitts and Nevis offers visa-free travel to many countries without extradition treaties with the United States. Mr. Olson has also shown an inability to comply with court orders and his veracity is questionable. Over the course of two separate driving under the influence convictions in the state of California, admittedly 17 and 15 years ago respectively, Mr. Olson failed to comply with his probation requirements on at least four separate occasions. The Court notes that in both instances Mr. Olson did eventually complete his probationary period. Notably, however, one of the violations resulted in 30-days' imprisonment.  Mr. Olson's attorney states that Mr. Olson has no recollection of what he did, or did not do, that resulted in a month-long incarceration. The Court finds this difficult to believe. The Court also notes Mr. Olson's misrepresentations to government officials and in financial statements—the first related to his alleged inability to pay a $90,000 penalty the day after purchasing a $130,000 vehicle and the second where he claimed he was (continued on page 4)

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 03/20/2025

_United States Magistrate Judge_

Def. Olson's Emerg. Mot. for Rev.
Exhibit B
Page 3

Page 3 of 4

OTHER REASONS OR FURTHER EXPLANATION, CONT.

making $10,200 monthly estimated tax payments when in reality he was paying nothing. Mr. Olson's history and characteristics weigh heavily in favor of detention as he has shown an inability to comply with court orders and a willingness to be deceitful about matters of great importance.

Finally, Mr. Olson argues that during the past four years he has been cooperative with the government in its investigation in this case, and that this fact should weigh in favor of release. This argument does not account for what appears to be his attempts at influencing and discussing his case with potential victims and witnesses as recently as the spring of 2024 (*see, e.g.*, Doc. 6, Exhibit 15). Specifically, Mr. Olson used an encrypted messaging application to discuss the investigation, explicitly referencing one of the case agents (Sublett) and ways that the witness could "delay" matters with the IRS. Mr. Olson also agreed to pay the witness's legal fees, and acknowledged that he signed a tolling agreement that should have eliminated a "rush" in the continued investigation. Now that Mr. Olson has been formally charged in this case, as the Government points out, he has every reason to flee using any means and his contacts abroad. This fact also weighs in favor of detention.

Def. Olson's Emerg. Mot. for Rev.
Exhibit B
Page 4

Page 4 of 4