AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means        ☐ Original        ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
1437 HONEYSUCKLE DRIVE NE ALBUQUERQUE, NEW ) Case No. **21mr860**
MEXICO 87122 UNDER RULE 41 )
)
)

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of __New Mexico__
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A hereby incorporated by reference

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B hereby incorporated by reference

**YOU ARE COMMANDED** to execute this warrant on or before ____July 9, 2021____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ___Steven C. Yarbrough, U.S. Magistrate Judge___.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  06/25/2021 12:00 pm                    *Steve Yarbrough*
                                                              Judge's signature

City and state:   Albuquerque, New Mexico          Steven C. Yarbrough, U.S. Magistrate Judge
                                                              *Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

### Certification

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

Case 1:25-cr-00069-RCL   Document 26-6   Filed 04/04/25   Page 2 of 12

Def. Olson's Emerg. Mot. for Rev.
Exhibit E
Page 2

## ATTACHMENT A

*Property to be searched*

The property to be searched is **1437 Honeysuckle Drive NE, Albuquerque, New Mexico, 87122** including the garage and the curtilage (the "PREMISES"), further described as a beige single-family home located in a residential neighborhood. The house number "1437" is located on the mailbox facing Honeysuckle Drive.

The front door of the property is a wooden door situated under large covered entryway. Images of the front of the property are below:







A1 – 2



**Photo of Rear**



A1 – 3

## ATTACHMENT B
*Property to be seized*

The items to be seized are fruits, evidence, information, contraband or instrumentalities, in whatever form and however stored, relating to violations of 26 U.S.C. §7201 (attempt to evade or defeat tax); 26 U.S.C. §7203 (willful failure to file return, supply information, or pay tax); 18 U.S.C. §371 (conspiracy); and 1343 (wire fraud); and 31 U.S.C. §5324 (structuring transactions to evade reporting requirement) as described in the search warrant affidavit for the time period of January 1, 2015, through the present, including but not limited to:

1. Records and information that constitute evidence of use, control, ownership, of TGI, MVC and any other related or unrelated entities that may have compensated OLSON or his family;

2. Records and information reflecting indicia of ownership of TGI, ALL subsidiaries and related entities of TGI, and MVC.

3. Personal and business records and other financial records, as follows:

   a. General Ledgers, General Journals, all Subsidiary Ledgers and Journals,

   b. Gross Receipts and Income records,

   c. Cash Receipts and Disbursement records and/or Journals,

   d. Sales and Purchase records and/or Journals,

   e. Sales Contracts and agreements with the United States and foreign Governments, including those designated as confidential, highly confidential, sensitive, secret, top secret, classified, etc.

   f. Accounts Receivable and Payable Ledgers and records,

   g. Cost of Goods Sold records,

    h. Loan Receivable and Payable Ledgers, Registers, and

    i. All compensation, sales, other service and expense records, including invoices documenting expenses paid by cash (currency) or bank check (cashier or teller checks), wire transfer, ACH, debit card or credit card and retained copies of any bank checks (cashier or teller checks).

4. Records of the movement, transfer, payment or receipt of funds, money or assets.

5. Records of the purchase, transfer, sale or other disposition or receipt of assets.

6. Trial balances, annual, interim or periodic statements, and financial statements reflecting financial conditions of TGI, MVC or related entities.

7. Bank statements, cancelled checks, check stubs, duplicate checks, check books, check authorization documents, check registers, deposit slips, wire transfers, letter instructions regarding transfers of funds, bank notices, credit memos, certificates of deposit, money orders, trust account records, and records reflecting any cash receipts and cash disbursements, safe deposit box records and keys.

8. Records regarding loans, promissory notes, notes receivable and notes payable, leases and rentals.

9. Investment or investor solicitation materials. Any information pertaining to investors in TGI, ALL subsidiaries and related entities of TGI, and MVC and investments made by such investors.

10. Payroll records, employment applications, employee records, Forms W2, Forms W4, and Forms 1099, as well as any and all records notating cash payments.

B – 2

Def. Olson's Emerg. Mot. for Rev.
Exhibit E
Page 7

11. Records of travel, including airline receipts, travel agent records, and rental agreements.

12. Federal, State, or City Income or Payroll Tax Returns and related correspondence and supporting documents.

13. Credit card expense records.

14. Work papers relating to the certification, preparation and/or accumulation of financial data and tax returns.

15. Prepared income tax returns.

16. Electronic and written communications and correspondence in any format relating to the items described above including violations of 26 U.S.C. §§ 7201 (attempt to evade or defeat tax) and 7203 (willful failure to file return, supply information, or pay tax); 18 U.S.C. §§ 371 (conspiracy) and 1343 (wire fraud); and 31 U.S.C. § 5324 (structuring transactions to evade reporting requirement) for the period of January 1, 2015 through the present.

17. Digital devices used in the commission of, or to facilitate, the above described offenses, including:

    a. Mobile devices and cellular phones belonging to or used by OLSON and Ms. Olson.

    b. Computers or storage media used as a means to commit the violations described above, or capable of creating and/or storing any of the evidentiary items described above.

18. For any digital device which is capable of containing and reasonably could contain fruits, evidence, information, contraband, or instrumentalities as described in the search warrant affidavit and above, hereinafter the "Device(s)":

B – 3

a. evidence of who used, owned, or controlled the Device(s) at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b. evidence of software, or lack thereof, that would allow others to control the Device(s), such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. evidence of the attachment to the Device(s) of other storage devices or similar containers for electronic evidence;

d. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Device(s);

e. evidence of the times the Device(s) was used;

f. passwords, encryption keys, and other access devices that may be necessary to access the Device(s);

g. documentation and manuals that may be necessary to access the Device(s) or to conduct a forensic examination of the Device(s);

h. records of or information about Internet Protocol addresses used by the Device(s);

i. records of or information about the Device(s)'s Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages,

B – 4

search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

19. Routers, modems, and network equipment used to connect computers to the Internet.

20. Records and information that constitute evidence of the state of mind of OLSON, HICKEY, GALLAGHER and other possibly unknown co-conspirators, *e.g.*, intent, absence of mistake, or evidence indicating preparation or planning, or knowledge and experience, related to the criminal activity under investigation; and

21. Records and information that constitute evidence concerning persons who either (i) collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the criminal activity under investigation; or (ii) communicated with OLSON, HICKEY, GALLAGHER and other possibly unknown co-conspirator about matters relating to the criminal activity under investigation, including records that help reveal their whereabouts.

22. Suspected subsidiaries and related entities include but are not limited to:

   i. THEIA AVIATION GROUP
   ii. THEIA AVIATION, LLC
   iii. THEIA HOLDINGS A INCORPORATED
   iv. THEIA AIRCRAFT GROUP INCORPORATED
   v. THEIA-FRANCE SAS
   vi. THEIA RISK MANAGEMENT SERVICES, INC.
   vii. THEIA INSURANCE, INC.
   viii. GROUP ORION LLC

B – 5

    ix.  NEO INVESTMENT HOLDINGS LIMITED

    x.  HYPERION ROCKET SYSTEMS INCORPORATED

    xi.  APPIAN DATA RELAY SYSTEM INCORPORATED

    xii.  RHOMBUS SYSTEMS GROUP INCORPORATED

    xiii.  MOBILE VIDEO SYSTEMS CORPORATION

    xiv.  MEDICAL RESEARCH AND DEVELOPMENT

    xv.  SPECTRUM INTELLIGENT LLC

    xvi.  MOBILE VIDEO CORPORATION

    xvii.  COMMUNICATIONS SYSTEM RESEARCH

    xviii.  TECHNOLOGY RESEARCH AND LICENSING

    xix.  CONTINUUM ENERGY GROUP

    xx.  MERIDICAN INC.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "digital devices" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop computers, laptop computers, notebooks, and tablet computers; personal digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart phones; digital cameras; peripheral input/output devices, such as keyboards, printers, scanners, plotters, monitors,

B – 6

and drives intended for removable media; related communications devices, such as modems, routers, cables, and connections; storage media, such as hard disk drives, floppy disks, USB flash drives, memory cards, optical disks, and magnetic tapes used to store digital data (excluding analog tapes such as VHS); security devices; and any other type of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions.

## FILTER REVIEW

If the government identifies seized materials that are potentially attorney-client privileged or subject to the work product doctrine ("protected materials"), the Prosecution Team will discontinue review until a Filter Team of government attorneys and agents is established. The Filter Team will have no future involvement in the investigation of this matter. The Filter Team will review seized communications and segregate potentially protected materials, *i.e.*, communications that are to/from an attorney, or that otherwise reference or reflect attorney advice. At no time will the Filter Team advise the Prosecution Team of the substance of any of the potentially protected materials. The Filter Team then will provide all communications that are not potentially protected materials to the Prosecution Team and the Prosecution Team may resume its review. If the Filter Team concludes that any of the potentially protected materials are not protected (*e.g.*, the communication includes a third party or the crime-fraud exception applies), the Filter Team must obtain either agreement from defense counsel/counsel for the privilege holder or a court order before providing these potentially protected materials to the Prosecution Team.

B – 7

Def. Olson's Emerg. Mot. for Rev.
Exhibit E
Page 12