# United States District Court
## District of New Mexico
### Office of the Clerk
### Pete V. Domenici United States Courthouse



Mitchell R. Elfers
Clerk of Court

333 Lomas Blvd. N.W. - Suite 270
Albuquerque, New Mexico 87102
(505) 348-2000 - Fax (505) 348-2028

**Divisional Offices**
106 South Federal Place
Santa Fe, NM 87501
(505) 988-6481
Fax (505) 988-6473

100 North Church Street
Las Cruces, NM 88001
(575) 528-1400
Fax (575) 528-1425

March 26, 2025

US District Court Clerk's Office
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue, N.W., Room 1225
Washington, DC 20001

    Re:    USA v. Olson
    Your Case No. **25-CR-69 RCL**
    New Mexico Case No. **25-MJ-468**

To Whom it May Concern:

    The above numbered case has been ordered removed to your District pursuant to a Commitment Order by this Court. **Erlend Olson** appeared in our district, waived identity, and was committed to your district for further proceedings.

    You may access electronically filed documents in this case at our ECF/PACER web address http://ecf.nmd.uscourts.gov. Any documents not available electronically are enclosed in paper format.

    Please acknowledge receipt of this letter by returning the enclosed copy to this district.

    Sincerely,

    /s/

    MITCHELL R. ELFERS
    Clerk of Court



RECEIVED Mail Room APR - 4 2025
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

AO 442 (Rev. 01/09) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
District of Columbia

United States of America
v.

ERLEND OLSON

_Defendant_

)
)
)
)
)
)

Case: 1:25-cr-00069
Assigned To : Judge Royce C. Lamberth
Assign. Date : 03/13/2025
Description: Indictment (B)

## ARREST WARRANT

To:  Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

_(name of person to be arrested)_ ERLEND OLSON,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 1349 (Conspiracy to Commit Wire and Mail Fraud)
18 U.S.C. §§ 1343, 2 (Wire Fraud and Aiding and Abetting)
18 U.S.C. §§ 1341, 2 (Mail Fraud and Aiding and Abetting)
26 U.S.C. § 7201 (Tax Evasion)

Date: 03/13/2025

_Issuing officer's signature_

City and state: Washington, D.C.

G. MICHAEL HARVEY, U.S. MAGISTRATE JUDGE
_Printed name and title_

### Return

This warrant was received on (date) 3/13/25, and the person was arrested on (date) 3/17/25
at (city and state) Albuquerque, NM.

Date: 3/17/25

_Arresting officer's signature_

Charles W. Sublett, Special Agent
_Printed name and title_

# CLERK'S MINUTE SHEET
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO (AT ALBUQUERQUE)

Before the Honorable Steven C. Yarbrough, United States Magistrate Judge

Initial Appearance

| | | | |
|---|---|---|---|
| Case Number: | 25-MJ-468 | UNITED STATES vs. OLSON | |
| Hearing Date: | Monday, March 17, 2025 | Time In and Out: | 1:46pm – 1:52pm & 2:04 pm – 2:10 pm |
| Courtroom Deputy: | K. Dapson | Courtroom: | Rio Grande |
| Defendant: | Erlend Olson | Defendant's Counsel: | Daniel Snyder for this hearing only |
| AUSA: | Rachel Eagle | Pretrial/Probation: | A. Galaz |
| Interpreter: | | Witness: | |

**Initial Appearance**

- ☒ Defendant received a copy of charging document
- ☒ Court advises defendant(s) of possible penalties and all constitutional rights
- ☒ Defendant has retained counsel
- ☒ Government moves to detain        ☐ Government does not recommend detention
- ☒ Set for Identity/Detention Hearing    on Thursday, March 20, 2025    @ 9:30 am

**Preliminary/Show Cause/Identity**

- ☐ Defendant
- ☐ Court finds        ☐ Court does not find probable cause

**Detention**

- ☐ Defendant waives right to contest detention
- ☐

**Custody Status**

- ☒ Defendant detained pending hearing
- ☐ Conditions

**Other**

- ☐ Defendant waives personal presence at hearing/Court accepts Defendant's waiver
- ☒ Pursuant to the Due Process Protections Act, Court confirms the United States obligation to produce all exculpatory evidence to the defendant pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, and orders it to do so.
- ☐ Matter referred to ____ for Final Revocation Hearing
- ☐

AO 466A (Rev. 12/17) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

United States of America )
v. )
) Case No. 1:25-mj-00668-SCY
Erlend Olson )
_____ ) Charging District's Case No.
Defendant )

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 20 2025

MITCHELL R. ELFERS
CLERK

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* District of Columbia

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5) a hearing on any motion by the government for detention;

(6) request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑ an identity hearing and production of the warrant.

☐ a preliminary hearing.

☐ a detention hearing.

☐ an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district. I request that my
☐ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 3/20/25

_____
Defendant's signature

_____
Signature of defendant's attorney

Nick Sitterly
_____
Printed name of defendant's attorney

# CLERK'S MINUTE SHEET
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO (AT ALBUQUERQUE)

Before the Honorable Jennifer M. Rozzoni, United States Magistrate Judge

Identity/Detention Hearing

| | | | |
|---|---|---|---|
| Case Number: | 25-MJ-468 | UNITED STATES vs. OLSON | |
| Hearing Date: | Thursday, March 20, 2025 | Time In and Out: | 10:18 am – 11:10 am & 1:20 pm – 1:27 pm |
| Courtroom Deputy: | K. Dapson | Courtroom: | Rio Grande |
| Defendant: | Erlend Olson | Defendant's Counsel: | Nicholas Sitterly |
| AUSA: | Josh Gold/Zachery Jones | Pretrial/Probation: | A. Galaz |
| Interpreter: | | Witness: | |

**Initial Appearance**

- ☐ Defendant received a copy of charging document
- ☐ Court advises defendant(s) of possible penalties and all constitutional rights
- ☐ Defendant currently has Court appointed counsel
- ☐ Government moves to detain  ☒ Government does not recommend detention
- ☐ Set for ___ on ___ @ ___

**Preliminary/Show Cause/Identity**

- ☒ Defendant waives Identity Hearing
- ☐ Court finds  ☐ Court does not find probable cause

**Detention**

- ☐ Defendant waives right to contest detention
- ☐

**Custody Status**

- ☒ Defendant remanded to the custody of United States Marshal's Service — To be transported to the District of Columbia
- ☐ Conditions

**Other**

- ☐ Defendant waives personal presence at hearing/Court accepts Defendant's waiver
- ☐ Pursuant to the Due Process Protections Act, Court confirms the United States obligation to produce all exculpatory evidence to the defendant pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, and orders it to do so.
- ☐ Matter referred to ___ for Final Revocation Hearing
- ☒ USA- proffer detention; Sitterly-proffers release; PO-responds; USA-replies; Sitterly-responds; Court- BREAK; Court-Findings

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the

District of New Mexico

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Erlend Olson | ) Case No. 25-MJ-468 SCY | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☑ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

❏ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

❏ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

❏ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

❏ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

❏ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

❏ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❏ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

❏ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

❏ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

❏ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
☑ Subject to lengthy period of incarceration if convicted
☑ Prior criminal history
❏ Participation in criminal activity while on probation, parole, or supervision
❏ History of violence or use of weapons
☑ History of alcohol or substance abuse
❏ Lack of stable employment
❏ Lack of stable residence
❏ Lack of financially responsible sureties

- ☐ Lack of significant community or family ties to this district
- ☒ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents
- ☒ Background information unknown or unverified
- ☒ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

In reaching its decision, the Court considered the current indictment against Mr. Olson, filed March 13, 2025 in the District of Columbia; the Government's Memorandum in Support of Pretrial Detention and its exhibits (Doc. 6); Mr. Olson's Response and Memorandum in Opposition to Detention Motion and its exhibits (Doc. 9); and the pretrial services report and recommendations. The Court considered 18 U.S.C. Sec. 3142 and relevant case law. Finally, the Court also heard argument from the Government and Mr. Olson's attorney. In addition to the factors above, the government has shown by a preponderance of the evidence that Mr. Olson is a flight risk for the following additional and expounded reasons under 18 U.S.C. Sec. 3142(g):

Nature and circumstances of the offense: Mr. Olson is charged with eleven counts including conspiracy to commit wire and mail fraud (Count 1), aiding and abetting wire fraud (Counts 2-6), aiding and abetting mail fraud (Count 7), and tax evasion (Counts 8-11). The indictment also includes a forfeiture allegation. Mr. Olson is alleged to have created and engaged in a scheme that defrauded approximately 200 investors and lenders of over $250 million. If convicted of all counts, Mr. Olson faces a maximum prison sentence of 160 years, and a Sentencing Guideline range of life in prison. These facts all weigh in favor of detention.

Weight of the evidence: The government's recitation of the facts is compelling. The lion's share of evidence, as the defense concedes, is found in what is likely in excess of a million documents. The evidence also includes video and recorded phone calls. Mr. Olson's knowledge of the scheme appears to be significant as the example documents provided by the government suggest he not only forged company financial documents related to his business, but also used similar forged company documents in relation to his personal financial transactions. This factor also weighs in favor of detention.

History and characteristics: Mr. Olson retains dual citizenship with St. Kitts and Nevis. While his passport has expired, the Government has shown that he is keenly aware of how he could travel to St. Kitts and Nevis to obtain a new one. Notably, St. Kitts and Nevis offers visa-free travel to many countries without extradition treaties with the United States. Mr. Olson has also shown an inability to comply with court orders and his veracity is questionable. Over the course of two separate driving under the influence convictions in the state of California, admittedly 17 and 15 years ago respectively, Mr. Olson failed to comply with his probation requirements on at least four separate occasions. The Court notes that in both instances Mr. Olson did eventually complete his probationary period. Notably, however, one of the violations resulted in 30-days' imprisonment. Mr. Olson's attorney states that Mr. Olson has no recollection of what he did, or did not do, that resulted in a month-long incarceration. The Court finds this difficult to believe. The Court also notes Mr. Olson's misrepresentations to government officials and in financial statements—the first related to his alleged inability to pay a $90,000 penalty the day after purchasing a $130,000 vehicle and the second where he claimed he was (continued on page 4)

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 03/20/2025

_Jennifer M. [signature]_
United States Magistrate Judge

OTHER REASONS OR FURTHER EXPLANATION, CONT.

making $10,200 monthly estimated tax payments when in reality he was paying nothing. Mr. Olson's history and characteristics weigh heavily in favor of detention as he has shown an inability to comply with court orders and a willingness to be deceitful about matters of great importance.

Finally, Mr. Olson argues that during the past four years he has been cooperative with the government in its investigation in this case, and that this fact should weigh in favor of release. This argument does not account for what appears to be his attempts at influencing and discussing his case with potential victims and witnesses as recently as the spring of 2024 (*see, e.g.*, Doc. 6, Exhibit 15). Specifically, Mr. Olson used an encrypted messaging application to discuss the investigation, explicitly referencing one of the case agents (Sublett) and ways that the witness could "delay" matters with the IRS. Mr. Olson also agreed to pay the witness's legal fees, and acknowledged that he signed a tolling agreement that should have eliminated a "rush" in the continued investigation. Now that Mr. Olson has been formally charged in this case, as the Government points out, he has every reason to flee using any means and his contacts abroad.  This fact also weighs in favor of detention.

AO 94  (Rev. 06/09) Commitment to Another District

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| Erlend Olson ) | Case No. 25-MJ-468 |
| ) | |
| ) | Charging District's |
| *Defendant* ) | Case No. 1:25-CR-69 RCL |

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the _____ District of Columbia,
*(if applicable)* _____ division. The defendant may need an interpreter for this language:
_____ .

The defendant:   ☑ will retain an attorney.

☐ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant. The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled. The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date:   03/20/2025

*Judge's signature*

Jennifer M. Rozzoni U.S. Magistrate Judge
*Printed name and title*

# U.S. District Court
## United States District Court - District of New Mexico (Albuquerque)
## CRIMINAL DOCKET FOR CASE #: 1:25-mj-00468-SCY-1

Case title: USA v. Olson

Date Filed: 03/17/2025

Date Terminated: 03/20/2025

Assigned to: Magistrate Judge Steven C. Yarbrough

### Defendant (1)

**Erlend Olson**  
*TERMINATED: 03/20/2025*

represented by **Nicholas Sitterly**  
Sitterly Law Firm  
500 Marquette Blvd NW  
#1200  
Ste 109  
Albuquerque, NM 87102  
505-314-1318  
Fax: 866-610-0455  
Email: nick.sitterlylawfirm@gmail.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*  
*Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
| Indictment and Warrant from the District of Columbia (1) | |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Sarah Jane Mease**<br>United States Attorney's Office<br>201 3rd Street NW<br>Albuquerque, NM 87102<br>505-224-1406<br>Email: sarah.mease@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |

| Date Filed | # | Docket Text |
|---|---|---|
| 03/17/2025 | 1 | NOTICE OF HEARING as to Erlend Olson: Initial Appearance set for 3/17/2025 at 01:30 PM in Albuquerque - 320 Rio Grande Courtroom before Magistrate Judge Steven C. Yarbrough. (khs) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/17/2025) |
| 03/17/2025 | 2 | Rule 5 Documents Received from the District of Columbia as to Erlend Olson (cl) (Entered: 03/17/2025) |
| 03/17/2025 | 3 | Clerk's Minutes before Magistrate Judge Steven C. Yarbrough: Initial Appearance in Rule 5 Proceedings as to Erlend Olson held; Identity/Detention Hearing for Rule 5 set for 3/20/2025 at 09:30 AM in Albuquerque - 320 Rio Grande Courtroom (Recording Info: Liberty-Rio Grande) (kd) (Entered: 03/17/2025) |
| 03/17/2025 | 4 | Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to produce all exculpatory evidence to the defendant pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, and orders it to do so. Failing to do so in a timely manner may result in consequences, including but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, or sanctions by Magistrate Judge Steven C. Yarbrough (kd) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/17/2025) |
| 03/17/2025 | 5 | ORAL ORDER of Temporary Detention pending hearing as to Erlend Olson by Magistrate Judge Steven C. Yarbrough (kd) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/17/2025) |
| 03/17/2025 | 6 | Government's Memorandum in Support of Pretrial Detention by USA as to Erlend Olson. (nm) (Entered: 03/17/2025) |
| 03/17/2025 | 7 | NOTICE OF ATTORNEY APPEARANCE: Nicholas Sitterly appearing for Erlend Olson (Sitterly, Nicholas) (Entered: 03/17/2025) |
| 03/17/2025 | | Attorney update in case as to Erlend Olson. Attorney Nicholas Sitterly for Erlend Olson added. (nm) (Entered: 03/18/2025) |
| 03/17/2025 | | Counts added: Erlend Olson (1) count(s) 1-11 (cl) (Entered: 03/20/2025) |
| 03/17/2025 | | Counts added: Erlend Olson (1) count(s) 1 (cl) (Entered: 03/20/2025) |
| 03/18/2025 | | U.S. Probation and Pretrial Services added as interested party.(Pirkovic, Mindy) (Entered: 03/18/2025) |
| 03/19/2025 | 9 | RESPONSE in Opposition by Erlend Olson re 6 MOTION to Detain (Sitterly, Nicholas) (Entered: 03/19/2025) |

| 03/20/2025 | 10 | WAIVER of Rule 5 and 5.1 Hearings by Erlend Olson (cl) (Entered: 03/20/2025) |
| --- | --- | --- |
| 03/20/2025 | 11 | Clerk's Minutes held before Magistrate Judge Jennifer M. Rozzoni: Identity/Detention Hearing for Rule 5 as to Erlend Olson held (Recording Info: Liberty-Rio Grande) (kd) (Entered: 03/20/2025) |
| 03/20/2025 | 12 | ORDER OF DETENTION as to Erlend Olson by Magistrate Judge Jennifer M. Rozzoni (kd) (Entered: 03/20/2025) |
| 03/20/2025 | 14 | COMMITMENT TO ANOTHER DISTRICT by Magistrate Judge Jennifer M. Rozzoni as to Erlend Olson. Defendant committed to District of of Columbia., Erlend Olson and US Probation and Pretrial Services terminated. (cc's to USMS) (cl) (Entered: 03/27/2025) |
| 03/26/2025 | 13 | LETTER to The District of Columbia as to Erlend Olson (cl) (Entered: 03/27/2025) |