UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Criminal No. 25-69-RCL |
| | : | |
| **ERLEND OLSON,** | : | |
| **JOHN GALLAGHER,** | : | |
| **STEPHEN BUSCHER,** | : | |
| **JOSEPH FARGNOLI,** | : | |
| and | : | |
| **JAMIL SWATI,** | : | |
| | : | |
| **Defendants.** | : | |

## NOTICE OF POINTS AND AUTHORITIES

On May 16, 2025, this Court asked the Government to propose an agreed upon date for a status conference in the above-captioned matter, and to provide the parties' positions on excluding time, under the Speedy Trial Act, until such date. In response, the Government provides the following:

First, the parties jointly and respectfully request that the Court set a status conference on July 7, 2025, in this matter, and that out-of-town counsel and defendants be permitted to appear remotely via Zoom at the appointed time.

Next, regarding the Speedy Trial Act, this Court has already excluded the time from May 16, 2025, to May 30, 2025, with consent of the defendants, finding that it was in the interests of justice to do so. The Government submits that, pursuant to 18 U.S.C. § 3161(h)(7)(A), excluding the additional time from May 30, 2025, until July 7, 2025, would serve the ends of justice and outweigh the interests of the defendants and the public in a speedy trial. Applying the factors set forth in Section 3161(h)(7)(B)(ii), courts have routinely excluded reasonable periods of time in cases similar in scale and complexity to the instant case, which spans several years and multiple

jurisdictions of the United States. *See, e.g., United States v. Fogarty*, 692 F.2d 542, 546 (8th Cir. 1982) ("the complexity of the case, involving seven co-defendants and multiple overt acts occurring in seven states, outweighed the interests of the individual defendants" and justified exclusion of time).

As background, on March 13, 2025, a federal grand jury in the District of Columbia returned an indictment against Erlend Olson, John Gallagher, Stephen Buscher, Joseph Fargnoli, and Jamil Swati, charging all five defendants with one count of conspiracy to commit wire and mail fraud, in violation of 18 U.S.C. § 1349, and additional counts of wire fraud and aiding and abetting, §§ 1343, 2, mail fraud and aiding and abetting, §§ 1341, 2, or both. Defendant Olson is also charged with four counts of tax evasion, in violation of 26 U.S.C. § 7201. The indictment is the result of a long-term investigation into a $250 million fraud scheme at aerospace start-up company, Theia Group Inc.

On or about March 18, 2025, each of the five defendants was arrested and had initial appearances in different districts across the United States. While defendants Gallagher, Buscher, Fargnoli, and Swati were released, subject to various conditions, Defendant Olson was detained pending trial because he poses a serious flight risk under 18 U.S.C. § 3142(f)(2). *See* ECF No. 30 (Apr. 9, 2025).

Since the defendants' initial appearances, the parties have engaged in pretrial discovery. The government sought and has now obtained Protective Orders for all five defendants from this Court. The government has produced its initial tranche of discovery materials to three of the defendants—Gallagher, Buscher, and Fargnoli—and stands ready to produce the same to defendants Olson and Swati upon receipt of hard drives from their respective defense counsel,

which the Government understands will arrive imminently. The initial tranche includes approximately 1.1 million files or documents, amounting to roughly 900 gigabytes of information.

As such, pursuant to 18 U.S.C. § 3161(h)(7)(A), excluding the additional time from May 30, 2025, until July 7, 2025, would serve the ends of justice and outweigh the interests of the defendants and the public in a speedy trial because it will allow all five defendants to begin their review of the Government's discovery production. Considering the amount of discovery in this case, the defendants will need ample time to review to prepare for any pretrial litigation and proceed to trial. Furthermore, excluding the additional time from May 30, 2025, until July 7, 2025, would serve the ends of justice because it will allow the parties time to discuss potential pre-trial disposition of this case.

Four of the five defendants, being aware that they have the right to a trial within seventy days of their initial appearances in this case, pursuant to 18 U.S.C. § 3161(c), consent to excluding the time until July 7, 2025. Only Defendant Olson's attorney has not been able to communicate with Defendant Olson about this issue, so we do not know whether he consents to the exclusion of time.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ *Rebecca G. Ross*
Rebecca G. Ross
N.Y. Bar No. 5590666
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
Alexis S. Hughes
D.C. Bar No. 90017487
Trial Attorney, U.S. Department of Justice
150 M Street, NE
Washington, D.C. 20002
(202) 252-6937 (Ross)
(202) 307-6390 (Hughes)
Rebecca.Ross2@usdoj.gov
Alexis.Hughes@usdoj.gov