IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | Criminal No. 25-69-RCL |
| **ERLEND OLSON et al.** | |
| **Defendants.** | |

## UNOPPOSED MOTION FOR ENTRY OF AN ORDER ADOPTING A PRIVILEGE PROTOCOL

The United States of America, by and through undersigned counsel, hereby respectfully moves the Court for the entry of an order incorporating the terms of a Privilege Protocol relating to potentially privileged materials to be produced in discovery and used in this criminal case. A Proposed Order Adopting a Privilege Protocol is attached. The Privilege Protocol will streamline discovery of voluminous materials while protecting the privilege interests of the defendants and third parties. In support of this motion, the undersigned counsel state as follows:

1. While investigating the Defendants and other principals of aerospace start-up company Theia Group Inc. ("Theia"), the Government executed search warrants and seized hardcopy records and electronically stored information ("ESI") from several premises and email accounts. On June 30, 2021, special agents from the Internal Revenue Service Criminal Investigation ("IRS-CI") executed search warrants at Theia's headquarters in Washington D.C. and Defendant Olson's residence in Albuquerque, New Mexico. Five months later, on November 30, 2021, IRS-CI agents executed a search warrant on Defendant Olson's personal Yahoo! Email address.

1

2.	In addition to search warrants, the government sent hundreds of subpoenas for records to various individuals and entities.

3.	Relevantly, on October 29, 2021, Theia was ordered into receivership by Judge Castela in the Southern District of New York. *See FCS Advisors, LLC v. Theia Group, Inc.*, 2021-CV-06995 (S.D.N.Y 2021).

4.	Upon receiving records via legal process or order, the Government took steps to identify potentially privileged materials ("PPM") and withheld the PPM from the investigators and prosecutors assigned to the case (the "Prosecution Team"). Most relevantly, this meant running a list of privilege search terms provided by the receiver for Theia. The withheld materials were uploaded to a database (the "Filter Materials") to which the Prosecution Team does not have access. To the extent the Filter Materials are privileged, they likely have a privilege holder other than any of the named defendants—in most cases, the holder of Theia's corporate privilege.

5.	In order to fulfill its discovery obligations, particularly Federal Rule of Criminal Procedure 16 requirements, the Government intends to produce the Filter Materials to each of the named Defendants in this case. In general terms, the Privilege Protocol provides that when attorneys for a particular Defendant identify an item within the Filter Materials that is potentially subject to an evidentiary privilege held by a privilege holder other than the Defendant whom they represent, they must take steps to allow the Potential Privilege Holder ("PPH") the opportunity to review the item and, if applicable, assert privilege, waive privilege, or confirm that the item is not privileged. Any disputes over the applicability of privilege must be litigated by application to the Court before Defendant may continue to review or use the item.

6.	On July 31, 2025, Theia's receivership concluded. Theia's assets, including its books and records and any privileges previously held by Theia, were transferred to LTS Systems,

LLC ("LTS"). The Government has approached counsel for LTS and obtained its consent and agreement to a Privilege Protocol (attached hereto as Exhibit A) governing the use of PPM in the litigation of this criminal case. Among other things, the Privilege Protocol includes a mechanism for each Defendant to use PPM after identifying the privilege holder and giving him/her notice and a reasonable opportunity to assert privilege and litigate any disputed assertion of privilege.

7. Defendants Olson, Gallagher, Buscher, Fargnoli, and Swati do not oppose this motion, consent to the entry of the attached Order Adopting Privilege Protocol and have signed on to the Privilege Protocol.

WHEREFORE, for the foregoing reasons, the Government respectfully requests that the Court grant this motion and enter the Order Adopting a Privilege Protocol.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: _____
Joshua A. Gold
TX Bar No. 24103101
Assistant United States Attorney
U.S. Attorney's Office
601 D St NW
Washington, D.C. 20530
Office: 202-815-8965
Joshua.Gold@usdoj.gov

By: _____
Alexis S. Hughes
DC Bar No. 90017487
Trial Attorney
Department of Justice Tax Division
150 M Street, N.E., Room 1.1405
Washington, DC 20002
Alexis.Hughes@usdoj.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | **Criminal No. 25-69-RCL** |
| **ERLEND OLSON et al.** | |
| **Defendants.** | |

## [PROPOSED] ORDER ADOPTING PRIVILEGE PROTOCOL

To expedite the flow of discovery material between the parties and adequately protect Potentially Privileged Materials and with the consent of the parties, it is ORDERED that the Privilege Protocol attached hereto and consented to by the Government and the Defendants be ENTERED and that it govern the discovery and use of Potentially Privileged Materials in this criminal case.

SO ORDERED this _____ day of _____, 2025.

_____  _____
THE HONORABLE ROYCE C. LAMBERTH
UNITED STATES DISTRICT JUDGE

**PRIVILEGE PROTOCOL**

Defendants Erlend Olson, John Gallagher, Stephen Buscher, Joseph Fargnoli, and Jamil Swati and the United States of America hereby agree to the following Privilege Protocol:

1. This Protocol relates to hard copy records and electronically stored information ("ESI") obtained via search warrants and from other sources in connection with the investigation and prosecution of the Defendants and others in the matter of *United States v. Erlend Olson et al.*, 25-CR-69 (RCL).

2. This Protocol is entered based on the following understanding, based on representations by the Government:

    a. As part of the execution of the search warrants, the Government seized hardcopy records and ESI from various locations, including email accounts, determined to be within the scope of the warrants. The Government took steps to identify potentially privileged materials in the items seized, then segregated the potentially privileged materials in a database (the "Filter Database") separate from the rest of the case materials. The Government took similar steps to identify and segregate potentially privileged materials within items obtained by other means during the investigation. The law enforcement investigators and prosecutors investigating and prosecuting the case (collectively, the "Prosecution Team") do not have access to the Filter Database. The Filter Database is administered by a team of attorneys and litigation support personnel (the "Filter Team") who are not members of the Prosecution Team.

b. The Filter Team has not yet gone through the entirety of the records in the Filter Database. Given the volume of unfiltered materials, a complete review of these materials by the Filter Team prior to production would unduly delay trial.

c. In order to comply with its discovery obligations, the Government, through the Filter Team, will produce the Filter Materials to each Defendant.

d. The Government has notified the counsel of the known individual and entities that may have privileged materials within the Filter Materials ("Potential Privilege Holders") of this Privilege Protocol. The names and contact information of counsel for known Potential Privilege Holders will be provided to Defendant's counsel contemporaneous to entry of the Privilege Protocol.

3. Production of the Filter Materials to Defendant does not constitute a waiver of any evidentiary privilege that may attach to any of the materials or information.

4. Given that the Filter Materials may contain privileged information, attorneys for each Defendant agree to carefully consider whether any of the Filter Materials they or their client reviews is subject to any evidentiary privilege, including but not limited to attorney-client privilege, held by a privilege holder other than the Defendant they represent. Upon discovering any item in the Filter Materials that may be subject to an evidentiary privilege held by a privilege holder other than Defendant, each Defendant and his attorneys agree to take the following steps:

a. Cease reviewing the item; and

b. If Defendant or his attorneys wish to review the potentially privileged item further or use the potentially privileged item in any way, they agree to take reasonable steps to:

2

   i. Identify the Potential Privilege Holder ("PPH");

   ii. Provide the PPH with notice and a reasonable opportunity (defined as 14 days, unless otherwise agreed upon, or a shorter period is necessary for identifiable reasons) to make a privilege assertion, waive privilege, or confirm that the item is not privileged;

   iii. If the PPH makes a privilege assertion, Defendant must either:

    1. Agree to redact the item pursuant to the PPH's directions or cease review and use of the item; or

    2. Make an application to the Court to litigate the assertion of privilege by the PPH.   Any potentially privileged materials must be filed under seal unless and until privilege is determined not to apply.

5. Although Defendant will be receiving the Filter Materials in discovery, the Prosecution Team will not.   Defendant agrees to provide the Government with notice, identifying the relevant PPH and number of documents, when any Filter Material is deemed not privileged—including through PPH determination or litigation—or over which privilege is waived.   The Government may request the non-privileged material from the PPH and/or Defendant.   Defendant also agrees to provide the Government with any Filter Material he intends to introduce into evidence at trial, in accordance with any deadlines set by the Court for production of trial exhibits.   For any Filter Material identified as a trial exhibit by Defendant or the Government, the Government will contact the PPH to confirm that privilege was waived or that they concur the item was not privileged in the first instance.   If the PPH disagrees with the

determination of the Government or the Defendant that the item is not privileged and the issue was not litigated in accordance with Paragraph 4(b)(iii)(2), the party planning to offer the evidence shall make an application to the Court to litigate the assertion of privilege by the PPH.

6.  Defendant agrees not to review or use PPM outside of the procedures set forth in this Privilege Protocol.

7.  The procedures set forth in this Privilege Protocol govern the use of PPM by Defendant in relation to any privilege holder identified in the materials he receives in discovery, regardless of whether the privilege holder has been identified at the time of entry of this Protocol, or whether the privilege holder has signed onto this Protocol.

8.  This Privilege Protocol does not govern the efforts of the Filter Team, which may continue to review the Filter Materials and promote non-privileged materials to the Prosecution Team. However, if the Filter Team determines that Filter Materials seized or otherwise obtained from Theia are not subject to a claim of privilege, those materials shall be identified to counsel on behalf of the Theia PPH to determine whether they believe there to be a valid claim of privilege, at which point the Theia PPH may request a claw-back of the materials.

The undersigned consent to this Protocol and entry of an Order by the Court to incorporate its terms:

JEANINE FERRIS PIRRO
United States Attorney

By: _____
Joshua A. Gold
TX Bar No. 24103101
Assistant United States Attorney
U.S. Attorney's Office

                601 D St NW
                Washington, D.C. 20530
                Office: 202-815-8965
                Joshua.Gold@usdoj.gov

                KAREN E. KELLY
                Acting Deputy Assistant Attorney General for
                      Criminal Matters

By: _____
                Alexis S. Hughes
                DC Bar No. 90017487
                Trial Attorney
                Department of Justice Tax Division
                150 M Street, N.E., Room 1.1405
                Washington, DC 20002
                Alexis.Hughes@usdoj.gov


                ATTORNEYS FOR THE GOVERNMENT


By:            /s/
                BARRY COBURN
                Coburn, Greenbaum & Eisenstein PLLC
                1710 Rhode Island Ave NW, 2nd Floor
                Washington, D.C. 20036

                ATTORNEY FOR DEFENDANT OLSON


By:            /s/
                MICHAEL J. DIAMONDSTEIN
                Two Penn Center Plaza, Suite 900
                Philadelphia, PA 19102

                ATTORNEY FOR DEFENDANT GALLAGHER

By:          /s/
WHITNEY ELLERMAN
Ellerman, Enzinna, Levy PLLC
1050 30th Street NW
Washington, DC 20007

ATTORNEY FOR DEFENDANT BUSCHER

By:          /s/
WILLIAM J. LOVETT
Lovett O'Brien LLP
155 Federal St., Ste 1300
Boston, MA 02110

THOMAS EDWARD ZEHNLE
601 New Jersey Avenue, NW, Suite 260
Washington, DC 20001

ATTORNEYS FOR DEFENDANT FARGNOLI

By:          /s/
MAX NICHOLAS
40 Exchange Place, 18th Floor
New York, NY 10005

ATTORNEY FOR DEFENDANT SWATI