# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 25-cr-69 (RCL)** |
| **ERLEND OLSON, ET AL.,** | |
| **Defendants.** | |

## JOINT STATUS REPORT AND PROPOSED SCHEDULE FOR CIPA FILINGS

In response to this Court's April 27, 2026 Order, the parties' hereby file this Joint Status Report and Proposed Schedule for proposed filings pursuant to the Classified Information Procedures Act (CIPA), 18 U.S.C. app. 3. The parties have conferred and agreed to the proposed schedule listed below:

| | |
|---|---|
| CIPA § 4: Government motion[1] | 7/17/26 |
| Defense proffer of relevant classified information it believes exists and should be produced (elective) | 7/17/26 |
| | |
| CIPA § 5: Defense notice[2] | 10/15/26 |
| CIPA § 5: Government objections | 11/12/26 |
| CIPA § 5: Defense reply | 11/19/26 |
| | |
| CIPA § 6(a): Government motion for hearing | 12/2/26 |
| CIPA § 6(b): Government notice to defense counsel of classified information at issue | 12/16/26 |
| CIPA § 6(b): Defense objections to government's 6(b) | 1/6/27 |

---

[1] Although the government anticipates filing only one motion pursuant to § 4 of CIPA, the government reserves the right to file additional motions after this date should circumstances change.

[2] Each defendant retains the right to file additional notice(s), in compliance with CIPA § 5, should that defendant's counsel learn of additional classified information he reasonable expects to disclose at any proceeding, including through any information provided by the government, as soon as possible after learning of this information; Defendant Olson's counsel notes that he likely will file an additional notice within a reasonable time after the government issues its notice to defense counsel of classified information at issue pursuant to § 6(b). The government would then have a right to object to any such § 5 notice(s), and the defense would have a right to reply to the government's objections. Such filings may necessitate other adjustments to the schedule.

| | |
|---|---|
| CIPA § 6(b): Government reply to defense objections | 1/13/27 |
| CIPA § 6(c): Government motion on use of classified substitutions, etc. | 1/27/27 |
| CIPA § 6(c): Defense objections to use of classified substitutions, etc. | 2/10/27 |
| CIPA § 6(c): Government reply | 2/17/27 |
| CIPA § 6: Hearing | 2/24/27 |

The parties appreciate that there is inherent uncertainty in this schedule as the government has not yet filed its motion pursuant to CIPA § 4 and therefore the Court likely cannot predict how long it may take to rule on this motion. Once the government has the Court's approval of the anticipated proposed classified summary, the government will produce that summary to all cleared defense counsel. The government anticipates that its classified discovery will be complete at this time.

CIPA empowers this Court to set its own CIPA schedule. *See* CIPA § 5 ("within the time specified by the Court") and § 6 ("[w]ithin the time specified by the court"). The value in litigating all CIPA issues in advance of trial is that it allows the parties and the Court adequate time to address national security issues surrounding classified information, including substitutions, summaries, and redactions, in an organized and thoughtful manner. As this Court likely is aware, in any case in which a defendant wishes to use classified information at trial (and the Court agrees), the government then needs to consult with components of the U.S. intelligence community (USIC) to address any concerns they may have as to its use. Depending on the defendant's requests, this process may require consultation with several different USIC entities and likely requests for redaction and substitution. This process can take substantial time, particularly where the classified material at issue may come from several different USIC entities.

The proposed schedule accounts for the necessary consultation and consideration by all parties and accommodates the Court's interest in predicting its schedule, while also allowing for additional time at the various stages given the present uncertainty.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:    */s/ Jolie F. Zimmerman*
       Jolie F. Zimmerman
       D.C. Bar No. 465110
       Rebecca G. Ross
       Sarah W. Ranney
       Assistant United States Attorneys
       U.S. Attorney's Office for the District of
       Columbia
       601 D Street, N.W.
       Washington, DC 20530
       (202) 252-7220 (Zimmerman)
       (202) 252-6937 (Ross)
       (202) 252-7051 (Ranney)

       A. TYSEN DUVA
       Assistant Attorney General
       Department of Justice, Criminal Division

By:    */s/ Alexis S. Hughes*
       Alexis S. Hughes
       D.C. Bar No. 90017487
       Trial Attorney, Tax Section
       Department of Justice, Criminal Division
       950 Pennsylvania Ave., NW
       Washington, DC 20530
       alexis.hughes@usdoj.gov

3