UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 25-cr-69 (RCL)** |
| **ERLEND OLSON, ET AL.,** | |
| **Defendants.** | |

**JOINT STATUS REPORT**

The government and the parties respectfully state as follows:

1.      On May 5, 2026, Defendant Buscher filed a Motion to Compel Production of Documents Withheld Under Asserted Attorney-Client Privilege ("Motion to Compel"). ECF No. 130. This motion relates to approximately 12,000 documents previously withheld from production by the receiver holding the interests of Theia Group, Inc. ("Theia") who otherwise produced documents on Theia's behalf pursuant to several grand jury subpoenas. *See* Gov. Opposition to Def. Gallagher Motion to Compel, ECF No. 113 at 4-5 (describing the sequence of events leading to receivership and the receiver's assertion of privilege on Theia's behalf).

2.      At the May 7, 2026, status conference the government advised that it had sought the position of Brevet Capital Management LLC/LTS Systems, LLC ("Brevet/LTS")—the holder of the receivership estate of Theia Group, Inc. ("Theia")—on the Motion to Compel, and specifically on the question of whether, in its view, privilege still attached to previously-withheld documents. The government agreed to apprise the defendants of Brevet/LTS's position, propose a plan, and apprise the Court.

3.      On May 15, 2026, counsel for Brevet/LTS advised the government that it intended to continue to assert corporate privilege on behalf of Theia.

4.     Given this assertion of privilege over the previously-withheld documents, but cognizant of Defendant Buscher's motion to compel the production of the documents, the government, Brevet/LTS, and Defendants Buscher, Gallagher, and Swati plan to propose entry of an amended Privilege Protocol that will expressly cover the previously-withheld documents so that without Brevet/LTS waiving any privilege, (a) the documents may be produced to defendants, and (b) any potential privilege issues may be litigated on a document-by-document basis for any materials any defendant wishes to use in his case.

5.     With respect to Defendant Olson, his counsel advises that "he is uncomfortable with the government's proposed approach and does not consent to it at this time. With respect to at least some of the documents in question, the privilege may belong to [Defendant Olson], and thus should not be disclosed to third parties without his specific review and consent." The government informed Defendant Olson's counsel that it will move, along with Defendants Buscher, Gallagher, and Swati for entry of the amended privilege protocol, and that if he objects he will need to oppose its entry in order to put his arguments before the Court.

6.     Given these developments, Defendant Buscher intends to move to hold his Motion to Compel in abeyance while the parties negotiate and move for entry of an amended Privilege Protocol. He will file his motion by May 26, 2026.

7.     The relevant parties will move for entry of the amended privilege protocol by June 16, 2026.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:     */s/ Sarah C. Ranney*
Sarah C. Ranney

2

N.Y. Bar No. 5050919
Jolie F. Zimmerman
Rebecca G. Ross
Assistant United States Attorneys
U.S. Attorney's Office for the District of
Columbia
601 D Street, N.W.
Washington, DC 20530
(202) 252-7051 (Ranney)
(202) 252-7220 (Zimmerman)
(202) 252-6937 (Ross)

A. TYSEN DUVA
Assistant Attorney General
Department of Justice, Criminal Division

By:    */s/ Alexis S. Hughes*
Alexis S. Hughes
D.C. Bar No. 90017487
Trial Attorney, Tax Section
Department of Justice, Criminal Division
950 Pennsylvania Ave., NW
Washington, DC 20530
alexis.hughes@usdoj.gov