**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **Criminal No. 25-cr-69-RCL** |
| | : | |
| **ERLAND OLSON,** | : | |
| **STEVEN BUSCHER, and** | : | |
| **JOHN GALLAGHER,** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

**UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION
FOR AN ORDER DIRECTING REVIEW OF VOLUMINOUS DIGITAL DATA**

The United States of America ("the government"), through undersigned counsel, hereby respectfully files this opposition to Defendant Steven Buscher's motion, which is joined by Defendants Gallagher and Olson, to compel access and review of the contents of forensic images created during a 2021 premises search warrant of the Theia Group, Inc. ("Theia") office.[1] ECF 118, 128, 135.

For several reasons, this motion must be denied. *First*, the government does not have the contents of the terabytes of data in its legal custody, possession, or control, and so the appropriate legal course is to return the data to its owner (Theia). *Second*, the June 2021 search warrant does not give the government legal authority to access the contents of the digital data. *Third*, return of the digital data to Theia does not violate *Brady*. *Fourth*, these are not "exceptional circumstances" warranting the expense and delay of appointing a special master to review terabytes of digital data.

---

[1] Defendants Buscher and Gallagher also moved this Court for an order (1) requiring the government to preserve the terabytes of digital data and (2) barring deletion or destruction of copies until further order of the Court. These requests are moot because the Court issued an Order directing the government to preserve the evidence. ECF 119.

1

## I.    BACKGROUND AND RELEVANT FACTS

The underlying facts are set forth in full in the Government's Notice of Return of Digital Evidence, ECF 110, and the Government's Opposition to Defendant Gallagher's Motion to Compel Filter Logs, ECF 113. As relevant here, in June 2021, the government executed near-simultaneous search warrants at Theia's headquarters and Defendant Erland Olson's residence. During execution of the warrants, government forensic examiners made forensic images of devices found on premises. Some physical devices were seized, but others were left on Theia's premises after the images were created. The forensic images and devices were stored in IRS-CI facilities after the search.

Thereafter, the government obtained Theia business records separately via grand jury subpoena.[2] The government's prosecution team never accessed the content of the digital forensic images created, or devices seized, during the execution of the Theia premises warrant. The forensic images and devices were not scoped, reviewed, or used in the government's investigation or prosecution of the defendants.

On April 15, 2026, the government filed a Notice of Return of Digital Evidence, notifying the Court and defendants of its intent to return the forensic images and devices from the search warrant to counsel currently holding Theia's receivership. ECF 110. The government relayed the history of the forensic images and devices and stated its position that (a) it did not legally possess the content of the digital images, and (b) the warrant no longer authorized a search of the content of the digital images. ECF 110.

---

2 Several months after the execution of the search warrants, in October 2021, Theia was placed into receivership. The government issued grand jury subpoenas to the Theia's receiver, and the receiver conducted a privilege review and produced large swaths of responsive documents. *See* ECF 113 at 4-5.

On April 27, 2026, Defendant Buscher filed a motion for an order compelling access and review of the terabytes of data. ECF 118. On May 5, 2026, Defendant Gallagher joined the motion to compel access and review. ECF 128. On May 10, 2026, Defendant Olson joined the motion to compel access and review. ECF 135. The Court has scheduled a hearing on the issue for July 7, 2026. ECF 134.

## II.    ARGUMENT

Defendants Olson, Gallagher, and Buscher have moved to an order directing the access and review of the contents of voluminous digital data that has been sitting in law enforcement storage for nearly the entire pendency of the investigation and prosecution of this case. For several reasons, the Court should deny this motion.

*First*, the contents of the terabytes of data on the digital forensic images and on the devices are not in the government's possession, custody, or control. *See* ECF 110 (citing and discussing *United States v. Balwani*, No. 5:18-CR-00258-EJD-2, 2022 WL 1405404, at *1 (N.D. Cal. May 4, 2022); *United States v. Collins*, 409 F. Supp. 3d 228, 243 (S.D.N.Y. 2019). Voluminous digital evidence outside the category of data determined to be within the scope of a warrant is not within the government's lawful possession. *Balwani*, 2022 WL 1405404, at *4-6.

*Second*, the June 2021 search warrant no longer authorizes the government to access the contents of the digital data. *See, e.g.*, *United States v. Maresca*, No. 1:23-CR-123 (RDM), 2026 WL 948289, at *25-26 (D.D.C. April 6, 2026) (examining cases related to delay between government seizure and access to seized materials and granting defendant's motion to suppress materials recovered from devices that were seized in 2021 but not searched until 2026).

*Third*, there is no *Brady* violation here. The content of the digital devices was not used in the government's investigation and is not part of the government's case-in-chief. *See United States*

3

*v. Flynn*, 411 F. Supp. 3d 15, 32 (D.D.C. 2019) ("*Brady* does not extend to information that is not within the government's possession or information that the government is not aware of."). Defendant Buscher cites cases from the 1970s, 80s, and 90s about the government's "duty to learn" but no cases where a court has applied this notion to conclude that the government has a duty to review voluminous digital data because it happened to be on a device in a relevant premises. ECF 116 at 8-9. Quite to the contrary, courts examining the issue have concluded that the government has no such duty to review digital data for *Brady* materials. *Balwani*, 2022 WL 1405404, at *4-6; *Collins*, 409 F. Supp.3d at 243.

*Fourth*, defendants' proposal that a third party such as a special master access and review the materials is unavailing and unnecessary. Section 636(b) of the Magistrate's Act (28 U.S.C. § 636) permits a district judge to "designate a magistrate judge to hear and determine any pretrial matter pending before the court, . . ." and Rule 53 of the Federal Rules of Civil Procedure permits district courts to appoint special masters to conduct hearings and make findings if "warranted by: (i) some exceptional condition . . ." or "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Under either of those provisions, district courts may delegate privilege matters—including the review of potentially privileged materials—to either a magistrate judge or special master.

Here, there is no exceptional condition warranting the expense and delay required to appoint a special master to review terabytes of digital data. *See United States v. Grant*, 2004 WL 1171258, at *3 (S.D.N.Y. 2004) ("Permitting the Government's privilege team to conduct an initial review of the documents will narrow the disputes to be adjudicated and eliminate the time required

to review the rulings of the special master or magistrate judge, thus reducing the possibility of delay in the criminal proceedings.").

If Defendants have a basis to believe that there are specific materials within the content of the devices that are relevant to their case, the government will consent to early return of Rule 17 trial subpoenas requesting such specific materials, which can be directed to Theia's receiver. But there is no basis for a fishing expedition into terabytes of digital data that are not a part of the government's case.

### III.    CONCLUSION

For the reasons set forth above, defendants' motion for an order directing access and review of the terabytes of digital materials should be denied.

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By    _____/s/ Sarah C. Ranney_____
Sarah Ranney (N.Y. Bar No. 5050919)
Rebekah Ross (N.Y. Bar No. 5590666)
Jolie Zimmerman (D.C. Bar No. 465110)
Assistant United States Attorneys
601 D Street NW
Washington, DC 20530
Office: (202) 252-4490


Alexis S. Hughes (D.C. Bar No. 90017487)
Trial Attorney, Tax Section
U.S. Department of Justice, Criminal
        Division
alexis.hughes@usdoj.gov