**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No. 25-cr-69-RCL** |
| | : | |
| **ERLEND OLSON,** | : | |
| **JOHN GALLAGHER,** | : | |
| **STEPHEN BUSCHER,** | : | |
| **and** | : | |
| **JAMIL SWATI,** | : | |
| | : | |
| **Defendants.** | : | |

**UNITED STATES' MOTION FOR A STATUS CONFERENCE AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The government files this motion requesting that the Court exclude time under the Speedy Trial Act. Most recently, time was excluded from calculation under the Speedy Trial Act from the May 7, 2026, status conference through the July 7, 2026, motions hearing. The Court did not reference the Speedy Trial Act during the July 7, 2026, hearing nor in the July 7, 2026, minute entry that followed the hearing. Therefore, the government respectfully requests that the Court set a status conference and make findings excluding time from computation.[1] Specifically, the government requests that the Court set a status conference approximately sixty days from the last hearing and issue an order finding that:

1) pursuant to 18 U.S.C. § 3161(h)(7)(A), excluding the additional time from August 18, 2026, until the next status conference would serve the ends of justice and outweigh the

[1] While grounds 2-3 do not require factual findings as they are automatic, the Court's determination will help ensure clarity regarding the Speedy Trial Act clock.

interests of the defendants and the public in a speedy trial.[2]

2) pursuant to 18 U.S.C. § 3161(h)(1)(D), time is excluded while the Court considers Defendant Stephen Buscher's July 7, 2026, sealed motion and the government's July 21, 2026, sealed response;

3) pursuant to 18 U.S.C. § 3161(h)(1)(D), time is excluded while the Court considers Defendant John Gallagher's July 28, 2026, sealed Motion to Reconsider, the government's August 11, 2026, sealed response, and Defendant John Gallagher's August 14, 2026, reply; and

4) pursuant to 18 U.S.C. § 3161(h)(1)(D), time is excluded while the Court considers the government's July 28, 2026 First Classified *In Camera, Ex Parte* Memorandum of Law and Motion for an Order Pursuant to Section 4 of the Classified Information Procedures Act and Rule 16(d) of the Federal Rules of Criminal Procedure.

The government has conferred with Defendants about this approach[3] and has submitted a proposed order with this filing. The government proposes that the Court's Speedy Trial Act findings be premised on submission of a declaration from each Defendant agreeing to toll through the next status conference.

---

[2] Applying the factors set forth in Section 3161(h)(7)(B)(ii), courts have routinely excluded reasonable periods of time in cases similar in scale and complexity to the instant case, which spans several years and multiple jurisdictions of the United States. *See, e.g., United States v. Fogarty*, 692 F.2d 542, 546 (8th Cir. 1982) ("the complexity of the case, involving seven co-defendants and multiple overt acts occurring in seven states, outweighed the interests of the individual defendants" and justified exclusion of time).

[3] The government emailed all Defendants about its proposal to seek a status date from the Court and file a Speedy Trial Act motion. Counsel for each Defendant agreed to this approach. But after the government reached out to the Court to ask for a status conference date, counsel for Defendant Olson indicated in an email to the Court that he opposes setting a status conference.

## BACKGROUND

As the Court is aware, this is a complex case involving multiple defendants, more than 1.1 million documents in discovery, including filter discovery, and novel issues of law. Defendants Olson and Gallagher were arraigned on May 14, 2025, and Defendants Buscher, Fargnoli,[4] and Swati were arraigned on May 16, 2025. *See* Minute Entry (May 14, 2025); Minute Entry (May 16, 2025). Since then, due to the complexity of this case and in the interest of allowing time to seek pretrial resolutions, the Court has made findings supporting multiple exclusions of time under the Speedy Trial Act.

- **Time was excluded from May 16, 2025, to May 30, 2025.** *See* Minute Entry (May 16, 2025).

- **Time was excluded from May 30, 2025, to July 7, 2025.** *See* Minute Entry (May 30, 2025). On May 23, 2025, the government filed a Notice of Points and Authorities (ECF No. 49), requesting that the Court set a status conference on July 7, 2025, and exclude time under the Speedy Trial Act from May 30, 2025, to July 7, 2025, because the government had just produced the first tranche of discovery and it would serve the ends of justice and outweigh the interests of the defendants and the public in a speedy trial, which the Court granted. *See* Minute Entry (May 30, 2025).

- **Time was excluded from July 7, 2025, to September 2, 2025,** in the interest of justice. *See* Minute Entry (July 7, 2025). The government filed a consent motion (ECF No. 62) to continue the September 2, 2025, status conference to a date approximately sixty days in the future and requested a finding that time would be excluded under the Speedy Trial Act, which the Court granted. *See* Minute Entry (August 29, 2025).

- **Time was excluded from September 2, 2025, to November 3, 2025.** *Id.* The government again jointly moved (ECF No. 67) for a sixty-day continuance and argued that the exclusion of time under the Speedy Trial Act was warranted given the complexity of the case, significant volume of discovery, and the anticipated application of the Classified Information Procedures Act, which the Court granted. *See* Minute Entry (October 31, 2025).

- **Time was excluded from November 3, 2025, to January 8, 2026.** *Id.*

[4] Defendant Fargnoli pleaded guilty to Conspiracy to Commit Wire Fraud and Mail Fraud, in violation of 18 U.S.C. § 1349, on January 20, 2026, pursuant to a plea agreement. *See* ECF No. 86.

- **Time was excluded from January 8, 2026, through March 18, 2026, and again through May 7, 2026.** *See* Minute Entry (January 8, 2026); Minute Entry (March 18, 2026).

- **Time was excluded from May 7, 2026, through July 7, 2026.** *See* Minute Entry (May 7, 2026).

## ARGUMENT

The Speedy Trial Act, codified at 18 U.S.C. § 3161, provides that a defendant charged in an indictment shall be tried within 70 days from the date that the defendant has appeared before a judicial officer of the court. 18 U.S.C. § 3161(c)(1). There are a number of reasons for excluding periods of delay from computation of that 70-day clock, several of which are automatic and do not require fact-finding. But fact-finding is required when the court excludes time based on its assessment that the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial. 18 U.S.C. § 3161(h)(7).

Delays resulting from "other proceedings concerning the defendant" are excluded. 18 U.S.C. § 3161(h)(1). This includes delays resulting from "any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). "[D]elay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court" is also excludable. 18 U.S.C. § 3161(h)(1)(H). In addition, "delay resulting from any interlocutory appeal" is similarly excludable. 18 U.S.C. § 3161(h)(1)(C).

### 1. The Court's ends-of-justice findings also apply to the period starting August 18, 2026

The Court has repeatedly made findings that exclusions of time under the Speedy Trial Act are warranted due to the complexity of this case, including the volume of discovery. As the Court is aware, the parties are actively attempting to negotiate a second privilege protocol that will enable

a filter production to the defendants of certain documents that were deemed privileged by Theia's receiver. Such production could involve up to approximately 12,000 additional documents, which defendants would require time to review. Pretrial litigation is also underway, and the resolution of issues now pending before the Court might obviate the need for trial for one or more defendants. Indeed, the prospect of pretrial resolution in this case was one of the reasons for the exclusions of time thus far. That reason continues to hold true.

While the Court did not specifically reference exclusion of time in its July 7, 2026, minute entry, this does not preclude it from clarifying that its previously-made findings on the record also apply to the period from August 18, 2026, through the next status conference. *See United States v. Bikundi*, 926 F.3d 761, 778 (D.C. Cir. 2019) ("the court does not understand the statute to require the district court to repeat all of the details of its findings on the record each time it grants an ends-of-justice continuance").

**2. Time is excluded while the Court considers Defendant Buscher's sealed pre-trial motion and the government's sealed response**

The Speedy Trial Act automatically excludes delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion. 18 U.S.C. § 3161(h)(1)(D). It also excludes "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(H). A motion is "actually under advisement" thus triggering the 30-day add-on when the court has held any appropriate hearing and has received all the papers it reasonably expects. *See United States v. Robertson*, 260 F.3d 500, 504-05 & n.1 (6th Cir. 2001); *United States v. Lugo*, 170 F.3d 996, 1001-02 (10th Cir. 1999).

On July 7, 2026, Defendant Buscher filed a sealed pre-trial motion (ECF No. 160-1), which Defendant Gallagher joined the following day (ECF No. 164). On July 21, 2026, the government

filed its sealed response in opposition (ECF No. 174). The Court has not scheduled a hearing on the matter; therefore, the Court had all the papers it reasonably could expect as of July 21, 2026, when the government submitted its opposition. So, time should automatically be excluded from July 7, 2026, until the Court rules on the matter or until August 20, 2026, whichever is earlier.

**3. Time is excluded while the Court considers Defendant Gallagher's sealed Motion to Reconsider, the government's sealed response, and Defendant Gallagher's reply**

As stated above, the Speedy Trial Act excludes reasonable delay of up to 30 days "during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(H). The 30 days start once the court has held any appropriate hearing and has received all the papers it reasonably expects. *See Robertson*, 260 F.3d at 504-05 & n.1; *Lugo*, 170 F.3d at 1001-02.

On July 28, 2026, Defendant Gallagher filed a sealed Motion to Reconsider the Court's Order docketed at ECF No. 176. On August 11, 2026, the government filed its response in opposition (ECF No. 186). On August 14, 2026, Defendant Gallagher filed his reply (ECF No. 187). The Court has already held a hearing on the matter, thus it had all the papers it reasonably could expect as of August 14, 2026, when Defendant Gallagher submitted his reply. So, time should automatically be excluded from July 28, 2026, until the Court rules on the matter or until September 13, 2026, whichever is earlier.

**4. Time is excluded while the Court considers the Government's First CIPA Motion**

As stated above, the Speedy Trial Act excludes reasonable delay of up to 30 days "during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(H). The 30 days start once the court has held any appropriate hearing and has received all the papers it reasonably expects.

On July 28, 2026, the government filed its First Classified *In Camera, Ex Parte* Memorandum of Law and Motion for an Order Pursuant to Section 4 of the Classified Information Procedures Act and Rule 16(d) of the Federal Rules of Criminal Procedure. Defendants Olson and Gallagher filed submissions regarding this motion on or before July 17, 2026. The Court thus had all the papers it reasonably could expect as of July 28, 2026. Accordingly, time should automatically be excluded from July 28, 2026, until the Court rules on the matter or until August 27, 2026, whichever is earlier.

## CONCLUSION

The government respectfully requested that the Court set a status conference approximately sixty days from July 7, 2026, and make the findings enumerated above and in the proposed order regarding the Speedy Trial Act.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By: */s/ Sarah C. Ranney*
Sarah C. Ranney
N.Y. Bar No. 5050919
Jolie F. Zimmerman
D.C. Bar No. 465110
Rebecca G. Ross
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, DC 20530
(202) 252-7051 (Ranney)
(202) 252-7220 (Zimmerman)
(202) 252-6937 (Ross)

A. TYSEN DUVA
Assistant Attorney General
Department of Justice, Criminal Division

By: */s/ Alexis S. Hughes*
Alexis S. Hughes
D.C. Bar No. 90017487
Trial Attorney, Tax Section
Department of Justice, Criminal Division
950 Pennsylvania Ave., NW
Washington, DC 20530
alexis.hughes@usdoj.gov